Joel M. Miller (JM-2018)
Charles R. Jacob III (CJ-4143)
Jeremy M. Sher (JS-1422)
250 Park Avenue
New York, New York 10177
(212) 336-3500

*Attorneys for Plaintiff*
*UBS Real Estate Securities Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UBS REAL ESTATE SECURITIES INC., <br><br> Plaintiff, <br><br> -against- <br><br> AMERICAN FIDELITY MORTGAGE CORP., <br><br> Defendant. | Case No.:  07 Civ. 3701 (RJH) <br><br> ECF Case <br><br> **COMPLAINT** |

Plaintiff UBS Real Estate Securities Inc. ("UBS"), by its attorneys Miller & Wrubel P.C., as and for its Complaint against defendant alleges as follows:

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### The Parties

1.   UBS is a corporation organized under the laws of the State of Delaware with its principal place of business at 1285 Avenue of the Americas, New York, New York 10019.  UBS is engaged in the business of, inter alia, purchasing, trading and securitizing mortgages.

2.   On information and belief, defendant American Fidelity Mortgage Corp. ("American Fidelity") is a corporation organized under the laws of the State of

New Jersey with its principal place of business at 1896 Morris Avenue, Union, New Jersey 07083. On further information and belief, American Fidelity is engaged in the business of, inter alia, originating and selling mortgages.

## Jurisdiction

3. UBS brings this action under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, and the action is brought between citizens of different states. UBS is a citizen of Delaware and New York, and American Fidelity is a citizen of New Jersey.

4. American Fidelity is subject to personal jurisdiction in this Court because, as more fully set forth below, it transacted business in the State of New York and contracted to supply goods and services in the State of New York, and this action arises out of American Fidelity's business transactions and contracts to supply goods and services in the State of New York.

## Venue

5. This action is properly brought in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) and (c). Jurisdiction in this action is founded on diversity of citizenship and American Fidelity is a corporation subject to personal jurisdiction in this District.

## American Fidelity's Breach of the Purchase Agreement

**A.    The Purchase Agreement**

6. UBS and American Fidelity entered into a Master Mortgage Loan Sale Agreement dated as of May 4, 2005 (the "Purchase Agreement").

7. In the Purchase Agreement, American Fidelity contracted to sell to UBS certain first lien residential Mortgage Loans (as defined in the Purchase Agreement), subject to the terms and conditions in the Purchase Agreement.

8. Pursuant to § 3.3 of the Purchase Agreement, entitled "Repurchase and Substitution," American Fidelity agreed to repurchase Mortgage Loans from UBS in the event of certain delinquencies (as set forth below), or, at UBS' option, indemnify UBS as to any Early Payment Default Loans not repurchased. Section 3.3(d) of the Purchase Agreement provides as follows:

> At the option of Purchaser [UBS], Seller [American Fidelity] shall repurchase any Mortgage Loan sold to Purchaser for which one of the first three scheduled Monthly Payments due to the Purchaser becomes delinquent (each, a "Delinquent Loan") or, provided that, in lieu of repurchase of a Delinquent Loan by Seller at Purchaser's request, Purchaser and Seller may mutually agree upon terms with regard to the indemnification of Purchaser by Seller for any and all costs, expenses, losses, etc. relating to a Delinquent Loan . . . . Such repurchase will be made at the Repurchase Price [as defined].

9. Thus, the Purchase Agreement expressly and unambiguously gave UBS the right to cause American Fidelity to repurchase, and imposed on American Fidelity an obligation to repurchase, at the Repurchase Price, any Early Payment Default Loans as to which UBS requested repurchase.

10. The Mortgage Loans listed on Exhibit A hereto are all Early Payment Default Loans as defined in the Purchase Agreement.

11. On several occasions, commencing as early as January 2006, and continuing through January 2007, UBS gave American Fidelity written notice of such Early Payment Default Loans and exercised UBS' option to require American Fidelity to

repurchase such Early Payment Default Loans, all in accordance with the terms of the Purchase Agreement.

12.　UBS stood ready, willing and able, at all relevant times, to reconvey the Mortgage Loans on Exhibit A to American Fidelity.

13.　UBS has fully performed all its obligations under and relating to the Purchase Agreement.

14.　American Fidelity did not repurchase the Early Payment Default Loans listed on Exhibit A hereto as requested by UBS. Therefore, American Fidelity is in breach of its obligations under the Purchase Agreement.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract – Damages for Failure
### to Repurchase Early Payment Default Loans)

15.　UBS repeats and realleges the allegations of paragraphs 1 - 14, above, as if fully set forth herein.

16.　UBS is entitled, by means of an award of damages, to be put in the same position economically that they would have been in had American Fidelity performed its repurchase obligations under § 3.3(d) of the Purchase Agreement.

17.　The aggregate Repurchase Price due and owing to UBS for the Early Payment Default Loans, as of April 9, 2007, was $4,274,320.47, no part of which has been paid despite due demand therefor.

18.　The Court should enter a money judgment in favor of UBS and against American Fidelity in the amount of $4,274,320.47, plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract – Declaration as to Mitigation of Losses)

19. UBS repeats and realleges the allegations of paragraphs 1 - 18, above, as if fully set forth herein.

20. UBS, as the non-breaching party, should not be put in a worse position with respect to loss mitigation than if American Fidelity had not breached the terms of the Purchase Agreement by its failure to repurchase.

21. Pursuant to pre-existing contractual arrangements with UBS, loss mitigation with respect to the Early Payment Default Loans is conducted by the Servicers, which service the Mortgage Loans in the ordinary course of business. UBS usually does not have a direct role in loss mitigation, as loss mitigation is contractually the responsibility of the Servicers.

22. The Servicers dispose of the properties underlying defaulted Mortgage Loans by means of foreclosures and/or sales conducted within certain guidelines that the Servicers maintain (the "Servicer Guidelines").

23. In addition, a secondary market known as the "scratch-and-dent" market exists, in which defaulted Mortgage Loans can be sold.

24. On information and belief, a controversy exists and is ripe for adjudication as to UBS' mitigation of losses because American Fidelity is disputing or will dispute whether UBS has mitigated its losses properly.

25. UBS is entitled to a declaration that American Fidelity has no defense relating to mitigation of damages so long as Early Payment Default Loans are (a) foreclosed on or sold by the Servicers according to the Servicer Guidelines or (b) sold by UBS in an arms-length transaction in the scratch-and-dent market.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Indemnification for Losses and Attorneys' Fees)

26.     UBS repeats and realleges the allegations of paragraphs 1 – 25, above, as if fully set forth herein.

27.     On information and belief, the Mortgage Loans listed on Exhibit A hereto are in breach of certain representations and warranties set forth in §§ 3.1 and 3.2 of the Purchase Agreement.

28.     Pursuant to §§ 3.3(f) and 4.1 of the Purchase Agreement, UBS is entitled to indemnification for its reasonable and necessary attorneys' fees and related costs and expenses arising from American Fidelity's breach of its contractual obligations as set forth herein.

WHEREFORE, UBS demands judgment in its favor and against American Fidelity as follows:

(i)     on its First Cause of Action, awarding UBS as against American Fidelity the sum of $4,274,320.47, plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment;

(ii)    on its Second Cause of Action, declaring that American Fidelity has no defense relating to mitigation of damages so long as Early Payment Default Loans are (a) foreclosed on or sold by the Servicers according to the Servicer Guidelines or (b) sold by UBS in an arms-length transaction in the scratch-and-dent market;

(iii)   on its Third Cause of Action, awarding UBS as against American Fidelity the amount of UBS' attorneys' fees and related costs and

expenses arising from American Fidelity's breach of its contractual obligations as set forth herein; and

    (iv) granting such other and further relief as this Court may deem just and proper in the circumstances.

Dated:  May 10, 2007

          MILLER & WRUBEL P.C.

        By: /s/ Joel M. Miller
          Joel M. Miller (JS-2018)
          Charles R. Jacob III (CJ-4143)
          Jeremy M. Sher (JS-1422)
          250 Park Avenue
          New York, New York 10177
          (212) 336-3500

          Attorneys for Plaintiff
          UBS Real Estate Securities Inc.